WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Pamela Davidson,<br><br>    Plaintiff,<br><br>v.<br><br>Acting Commissioner of the Social Security Administration,<br><br>    Defendant. | No. CV-18-01205-PHX-ESW<br><br>**ORDER** |

  Pending before the Court is Pamela Davidson's ("Plaintiff") appeal of the Social Security Administration's ("Social Security") denial of her applications for supplemental security income and disability insurance benefits. The Court has jurisdiction to decide Plaintiff's appeal pursuant to 42 U.S.C. §§ 405(g), 1383(c). Under 42 U.S.C. § 405(g), the Court has the power to enter, based upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the case for a rehearing. Both parties have consented to the exercise of U.S. Magistrate Judge jurisdiction. (Doc. 16).

  After reviewing the Administrative Record ("A.R.") and the parties' briefing (Docs. 17, 18, 19), the Court finds that the Administrative Law Judge's ("ALJ") decision contains harmful legal error. For the reasons explained in Section II below, the decision is reversed and the case is remanded to the Commissioner of Social Security for further proceedings.

# I. LEGAL STANDARDS

## A. Disability Analysis: Five-Step Evaluation

The Social Security Act (the "Act") provides for disability insurance benefits to those who have contributed to the Social Security program and who suffer from a physical or mental disability. 42 U.S.C. § 423(a)(1). The Act also provides for supplemental security income to certain individuals who are aged 65 or older, blind, or disabled and have limited income. 42 U.S.C. § 1382. To be eligible for benefits based on an alleged disability, the claimant must show that he or she suffers from a medically determinable physical or mental impairment that prohibits him or her from engaging in any substantial gainful activity. 42 U.S.C. § 423(d)(1)(A); 42 U.S.C. § 1382c(A)(3)(A). The claimant must also show that the impairment is expected to cause death or last for a continuous period of at least 12 months. *Id.*

To decide if a claimant is entitled to Social Security disability benefits, an ALJ conducts an analysis consisting of five questions, which are considered in sequential steps. 20 C.F.R. §§ 404.1520(a), 416.920(a). The claimant has the burden of proof regarding the first four steps:[1]

> **Step One**: Is the claimant engaged in "substantial gainful activity"? If so, the analysis ends and disability benefits are denied. Otherwise, the ALJ proceeds to step two.
>
> **Step Two:** Does the claimant have a medically severe impairment or combination of impairments? A severe impairment is one which significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant does not have a severe impairment or combination of impairments, disability benefits are denied at this step. Otherwise, the ALJ proceeds to step three.
>
> **Step Three:** Is the impairment equivalent to one of a number of listed impairments that the Commissioner acknowledges

---

[1] *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007).

are so severe as to preclude substantial gainful activity? 20 C.F.R. §§ 404.1520(d), 416.920(d). If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. If the impairment is not one that is presumed to be disabling, the ALJ proceeds to the fourth step of the analysis.

**Step Four:** Does the impairment prevent the claimant from performing work which the claimant performed in the past? If not, the claimant is "not disabled" and disability benefits are denied without continuing the analysis. 20 C.F.R. §§ 404.1520(f), 416.920(f). Otherwise, the ALJ proceeds to the last step.

If the analysis proceeds to the final question, the burden of proof shifts to the Commissioner:[2]

**Step Five:** Can the claimant perform other work in the national economy in light of his or her age, education, and work experience? The claimant is entitled to disability benefits only if he or she is unable to perform other work. 20 C.F.R. §§ 404.1520(g), 416.920(g). Social Security is responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that the claimant can do, given the claimant's residual functional capacity, age, education, and work experience. *Id.*

### B. Standard of Review Applicable to ALJ's Determination

The Court must affirm an ALJ's decision if it is supported by substantial evidence and is based on correct legal standards. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012); *Marcia v. Sullivan*, 900 F.2d 172, 174 (9th Cir. 1990). Although "substantial evidence" is less than a preponderance, it is more than a "mere scintilla." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison v. NLRB*, 305 U.S. 197, 229 (1938)). It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id.*

---

[2] *Parra*, 481 F.3d at 746.

In determining whether substantial evidence supports the ALJ's decision, the Court considers the record as a whole, weighing both the evidence that supports and detracts from the ALJ's conclusions. *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *Tylitzki v. Shalala*, 999 F.2d 1411, 1413 (9th Cir. 1993). If there is sufficient evidence to support the ALJ's determination, the Court cannot substitute its own determination. *See Morgan v. Comm'r of the Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999) ("Where the evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld."); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). This is because the ALJ, not the Court, is responsible for resolving conflicts and ambiguities in the evidence and determining credibility. *Magallanes*, 881 F.2d at 750; *see also Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).

The Court also considers the harmless error doctrine when reviewing an ALJ's decision. This doctrine provides that an ALJ's decision need not be remanded or reversed if it is clear from the record that the error is "inconsequential to the ultimate nondisability determination." *Tommasetti v. Astrue,* 533 F.3d 1035, 1038 (9th Cir. 2008) (citations omitted); *Molina*, 674 F.3d at 1115 (an error is harmless so long as there remains substantial evidence supporting the ALJ's decision and the error "does not negate the validity of the ALJ's ultimate conclusion") (citations omitted).

## II. PLAINTIFF'S APPEAL

### A. Procedural Background

Plaintiff, who was born in 1955, has past relevant work as a teller and dietary aide. (A.R. 24, 58). In 2015, Plaintiff filed applications for supplemental security income and disability insurance benefits. (A.R. 197-205). Plaintiff's applications alleged that on March 1, 2014, Plaintiff became unable to work due to back problems, sleep disorder, depression, arthritis, thyroid disorder, high cholesterol, and "stomach and voiding problems." (A.R. 58-59, 72-73). Social Security denied the applications in August 2015. (A.R. 116-22). In January 2016, upon Plaintiff's request for reconsideration, Social

Security affirmed the denial of benefits. (A.R. 126-33). Plaintiff sought further review by an ALJ, who conducted a hearing on August 22, 2017. (A.R. 32-55). In a December 11, 2017 decision, the ALJ found that Plaintiff is not disabled within the meaning of the Social Security Act. (A.R. 17-25). The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Social Security Commissioner. (A.R. 1-6). On April 19, 2018, Plaintiff filed a Complaint (Doc. 1) requesting judicial review and reversal of the ALJ's decision.

### B. The ALJ's Application of the Five-Step Disability Analysis

The ALJ completed the first four steps of the disability analysis before finding that Plaintiff is not disabled and entitled to disability benefits.

#### 1. Step One: Engagement in "Substantial Gainful Activity"

The ALJ determined that Plaintiff has not engaged in substantial gainful activity since March 1, 2014, the alleged onset disability date. (A.R. 20). Neither party disputes this determination.

#### 2. Step Two: Presence of Medically Severe Impairment/Combination of Impairments

The ALJ found that Plaintiff has the following severe impairment: degenerative disc disease. (A.R. 20). The ALJ's step two determination is undisputed.

#### 3. Step Three: Presence of Listed Impairment(s)

The ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 of the Social Security regulations. (A.R. 21). Neither party disputes the ALJ's determination at this step.

#### 4. Step Four: Capacity to Perform Past Relevant Work

The ALJ found that Plaintiff retained the residual functional capacity ("RFC") to perform the full range of light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), except that Plaintiff can only occasionally stoop, crouch, and climb ladders,

ropes, and scaffolds. (A.R. 21). The ALJ, however, determined that Plaintiff can frequently climb ramps and stairs.

After considering the testimony of a vocational expert ("VE") and Plaintiff's RFC, the ALJ determined that Plaintiff is capable of performing her past relevant work. (A.R. 24). Plaintiff challenges this determination, asserting that the ALJ improperly weighed the opinion of her treating physician and improperly failed to consider Plaintiff's strong work history.

### 5. Step Five: Capacity to Perform Other Work

The ALJ did not complete Step Five in light of the conclusion that Plaintiff can perform her past relevant work.

### C. Plaintiff's Argument Regarding ALJ's Alleged Failure to Consider Plaintiff's Strong Work History

Plaintiff argues that the ALJ's RFC assessment is defective because the ALJ failed to consider Plaintiff's strong work history. (Doc. 17 at 17-20). Yet the ALJ's decision indicates that the ALJ reviewed Plaintiff's earning record. (A.R. 18) ("The claimant's earnings record shows that the claimant has acquired sufficient quarters of coverage to remain insured through September 30, 2018."). Further, an ALJ is not required to discuss every piece of evidence in the record. *Howard v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003). While a claimant's work history may be deemed probative of credibility, a strong work history does not require an ALJ to credit a plaintiff's symptom testimony. Plaintiff has failed to show that the ALJ's failure to engage in a more elaborate discussion of Plaintiff's work history is error, let alone harmful error. *See Ludwig v. Astrue*, 681 F.3d 1047, 1054 (9th Cir. 2012) ("The burden is on the party claiming error to demonstrate not only the error, but also that it affected his 'substantial rights,' which is to say, not merely his procedural rights.").

### D. The ALJ Failed to Give Specific and Legitimate Reasons for Discounting the Opinions of Plaintiff's Treating Physician Kristen Thomsen, M.D.

In weighing medical source opinions in Social Security cases, there are three categories of physicians: (i) treating physicians, who actually treat the claimant; (ii)

examining physicians, who examine but do not treat the claimant; and (iii) non-examining physicians, who neither treat nor examine the claimant. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). An ALJ must provide clear and convincing reasons that are supported by substantial evidence for rejecting the uncontradicted opinion of a treating or examining doctor. *Id*. at 830-31; *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). An ALJ cannot reject a treating or examining physician's opinion in favor of another physician's opinion without first providing specific and legitimate reasons that are supported by substantial evidence, such as finding that the physician's opinion is inconsistent with and not supported by the record as a whole. *Bayliss*, 427 F.3d at 1216; 20 C.F.R. § 404.1527(c)(4) (an ALJ must consider whether an opinion is consistent with the record as a whole); *see also Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004); *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002); *Tommasetti*, 533 F.3d at 1041 (finding it not improper for an ALJ to reject a treating physician's opinion that is inconsistent with the record).

Plaintiff's treating physician Kristen Thomsen, M.D. completed a "Medical Opinion Re: Ability to do Physical Activities" (the "Medical Opinion Form" or the "Form") that is dated August 7, 2017. (A.R. 1088-90). Dr. Thomsen opined that Plaintiff can continuously sit or stand for only fifteen minutes, can only stand/walk about two hours in an eight-hour workday, and would need to take hourly unscheduled breaks during the workday. (A.R. 1088). Dr. Thomsen also opined that Plaintiff can occasionally lift up to ten pounds, crouch, or climb stairs, but can never twist, stoop, or climb ladders. (A.R. 1089-90). Finally, Dr. Thomsen indicated that Plaintiff would be absent from work more than twice a month. (A.R. 1090). Because Dr. Thomsen's opinions are contradicted by other acceptable medical sources,[3] the ALJ's reasons for

---

[3] Dr. Thomsen's opinions are contradicted by the opinions of the State agency physicians. (A.R. 65-67, 79-81, 96-98, 109-11); *see Moore v. Comm'r of Soc. Sec.*, 278 F.3d 920, 924 (9th Cir. 2002) ("The ALJ could reject the opinions of Moore's examining physicians, contradicted by a nonexamining physician, only for 'specific and legitimate reasons that are supported by substantial evidence in the record.'"); *Mendoza v. Astrue*, 371 F. App'x 829, 831 (9th Cir. 2010) ("An ALJ may reject an opinion of an examining

discounting Dr. Thomsen's opinions must be specific and legitimate and supported by substantial evidence in the record.

In a single paragraph, the ALJ explained that he gave Dr. Thomsen's opinions little weight. The ALJ stated:

> [Dr. Thomsen's opinion] relies heavily on the subjective report of symptoms and limitations provided by the claimant, and the totality of the evidence does not support the subjective complaints. This opinion fails to reveal the type of significant clinical and laboratory abnormalities to be expected if the individual were disabled. Moreover, because the opinion is without support from the remainder of the record, it is rendered even less persuasive.

(A.R. 23-24).

The Ninth Circuit has explained that "the treating physician's opinion as to the combined impact of the claimant's limitations—both physical and mental—is entitled to special weight." *Lester*, 81 F.3d at 833. "The treating physician's continuing relationship with the claimant makes him especially qualified to evaluate reports from examining doctors, to integrate the medical information they provide, and to form an overall conclusion as to functional capacities and limitations, as well as to prescribe or approve the overall course of treatment." *Id.* An ALJ is "not entitled to reject the responses of a treating physician without specific and legitimate reasons for doing so, even where those responses were provided on a 'check-the-box' form, were not accompanied by comments, and did not indicate to the ALJ the basis for the physician's answers." *Trevizo v. Berryhill*, 871 F.3d 664, 677 n.4 (9th Cir. 2017) (stating that "there is no authority that a 'check-the-box' form is any less reliable than any other type of form; indeed, agency physicians routinely use these types of forms to assess the intensity, persistence, or limiting effects of impairments").

---

physician, if contradicted by a non-examining physician, as long as the ALJ gives 'specific and legitimate reasons that are supported by substantial evidence in the record.'").

- 8 -

The Medical Opinion Form states that Dr. Thomsen had been treating Plaintiff approximately every six weeks for eighteen months. (A.R. 1088). The Form recounts that Plaintiff has been diagnosed with chronic back pain, depression, and anxiety and states that Plaintiff's functional limitations are estimated "[a]s a result of [Plaintiff's] impairments." (*Id.*). Dr. Thomsen's treatment notes indicate that she conducted physical examinations at Plaintiff's appointments. (*See, e.g.*, A.R. 508, 515, 593, 670, 675). The record reflects that Dr. Thomsen reviewed a May 2016 x-ray showing "degenerative changes in [Plaintiff's] spine and shoulders[.]" (A.R. 585). The ALJ failed to sufficiently cite evidence in the record that suggests that Dr. Thomsen relied on Plaintiff's subjective complaints, rather than on Dr. Thomsen's own physical examinations of Plaintiff, in completing the Medical Opinion Form.

The Court finds that the ALJ's reasons for discounting Dr. Thomsen's opinions are not sufficiently specific. *See Garrison v. Colvin*, 759 F.3d 995, 1013 (9th Cir. 2014) (finding that an ALJ committed "a variety of egregious and important errors," including failing "to recognize that the opinions expressed in check-box form in the February 2008 RFC Questionnaire were based on significant experience with Garrison and supported by numerous records, and were therefore entitled to weight that an otherwise unsupported and unexplained check-box form would not merit"); *Brown-Hunter v. Colvin*, 806 F.3d 487, 495 (9th Cir. 2015) ("we cannot substitute our conclusions for the ALJ's, or speculate as to the grounds for the ALJ's conclusions. Although the ALJ's analysis need not be extensive, the ALJ must provide some reasoning in order for [the court] to meaningfully determine whether the ALJ's conclusions were supported by substantial evidence") (quoting *Treichler v. Comm'r of Soc. Sec.*, 775 F.3d 1090, 1103 (9th Cir. 2014)). By discounting Dr. Thomsen's opinions without providing specific and legitimate reasons that are supported by substantial evidence in the record, the ALJ has made a harmful error that requires remand.

## D. The Case will be Remanded for Further Proceedings

Ninth Circuit jurisprudence "requires remand for further proceedings in all but the rarest cases." *Treichler*, 775 F.3d at 1101 n.5. The Ninth Circuit, however, has adopted a test to determine when a case should be remanded for payment of benefits in cases where an ALJ has improperly rejected claimant testimony or medical opinion evidence. *Id.* at 1100-01; *Garrison*, 759 F.3d at 1020. This test is commonly referred to as the "credit-as-true" rule, which consists of the following three factors:

1. Has the ALJ failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion? *Treichler*, 775 F.3d at 1100-01.

2. Has the record been fully developed, are there outstanding issues that must be resolved before a disability determination can be made, or would further administrative proceedings be useful? *Id.* at 1101. To clarify this factor, the Ninth Circuit has stated that "[w]here there is conflicting evidence, and not all essential factual issues have been resolved, a remand for an award of benefits is inappropriate." *Id*.

3. If the improperly discredited evidence were credited as true, would the ALJ be required to find the claimant disabled on remand? *Id.*; *Garrison*, 759 F.3d at 1020.

Where a court has found that a claimant has failed to satisfy one of the factors of the credit-as-true rule, the court does not need to address the remaining factors. *Treichler*, 775 F.3d at 1107 (declining to address final step of the rule after determining that the claimant has failed to satisfy the second step). Moreover, even if all three factors are met, a court retains the discretion to remand a case for additional evidence or to award benefits. *Id.* at 1101-02. A court may remand for further proceedings "when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." *Garrison*, 759 F.3d at 1021. In *Treichler*, the Ninth Circuit noted that "[w]here an ALJ makes a legal error, but the

record is uncertain and ambiguous, the proper approach is to remand the case to the agency." 775 F.3d at 1105.

The record raises crucial questions as to whether Plaintiff's impairments are disabling. For instance, a November 3, 2014 medical record explains that Plaintiff was so "overwhelmed with the stress" of taking over guardianship of Plaintiff's granddaughter and the loss of Plaintiff's mother that Plaintiff "quit her job." (A.R. 307). A February 5, 2016 medical record recounts that Plaintiff is "trying to get disability for her chronic back pain. Previously benefitted from nerve ablation but **admits that she 'doesn't want to work' and feeling better is not necessarily a priority**." (A.R. 514). These factual conflicts are significant and should be resolved through further administrative proceedings. *See Treichler*, 775 F.3d at 1105 (finding that crucial questions as to the extent of a claimant's impairment given inconsistencies between the claimant's testimony and the medical evidence in the record are "exactly the sort of issues that should be remanded to the agency for further proceedings"); *see also Greger v. Barnhart* 464 F.3d 968, 972 (9th Cir. 2006) (stating that so long as the ALJ "specifically identif[ies] what testimony is credible and what testimony undermines the claimant's complaints . . . questions of credibility and resolutions of conflicts in the testimony are functions solely of the [ALJ]") (citation omitted).

### III. CONCLUSION

Based on the foregoing,

**IT IS ORDERED** reversing the decision of the Commissioner of Social Security and remanding the case to the Commissioner for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g). The ALJ shall issue a new decision that is consistent with the applicable law as set forth in this Order. The ALJ, however, is not precluded from reopening the hearing to receive additional evidence if deemed appropriate. The Clerk of Court is directed to enter judgment accordingly.

Dated this 22nd day of March, 2019.

_____
Eileen S. Willett
United States Magistrate Judge